UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 12-00122 |
| | ) | |
| ADAPTIVE MICROSYSTEMS, LLC, | ) | |
| | ) | |
| AMS CHAPTER 128, LLC (formerly known as Adaptive MicroSystems, LLC), | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMS HOLDINGS CHAPTER 128, INC. (formerly known as Adaptive MicroSystems Holdings, Inc.), | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

Plaintiff, the United States, brings this action against defendants, Adaptive MicroSystems, LLC, AMS Chapter 128, LLC (formerly known as Adaptive MicroSystems, LLC), and AMS Holdings Chapter 128, Inc. (formerly known as Adaptive MicroSystems Holdings, Inc.), and alleges the following:

1.      This action is brought by the United States on behalf of the Department of Homeland Security, U.S. Customs and Border protection (CBP) to recover $595,658.71, in unpaid duties and a penalty totaling $22,413,518.97, plus interest.

2.      This Court possesses exclusive jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1582.

3.      This is an action pursuant to 19 U.S.C. §§ 1592(c) and (d) to collect unpaid, lawful customs duties and civil penalties for violations of 19 U.S.C. § 1592(a).

4.      Upon information and belief, defendant AMS Chapter 128, LLC (Old Adaptive) was formerly known as Adaptive MicroSystems, LLC.  Old Adaptive entered receivership pursuant to Chapter 128 of the Wisconsin Statutes.  Michael S. Polsky of the law firm of Beck, Chaet, Bamberger & Polsky, S.C. was appointed to serve as Old Adaptive's receiver.  Mr. Polsky's address is Two Plaza East, Suite 1085, 330 East Kilbourn Avenue, Milwaukee, Wisconsin 53202.

5.      Upon information and belief, AMS Holdings Chapter 128, Inc. (Old Adaptive Holdings), formerly known as Adaptive MicroSystems Holdings, Inc., is a related corporation to Old Adaptive, and is liable for Old Adaptive's debts.  Old Adaptive Holdings also entered receivership pursuant to Chapter 128 of the Wisconsin Statutes, and Mr. Polsky was appointed to serve as its receiver.  Mr. Polsky's address is set forth in paragraph 4.

6.      Defendant Adaptive MicroSystems, LLC (New Adaptive), is a Wisconsin corporation located at 7840 North 86th Street, Milwaukee, Wisconsin 53224.  Upon information and belief, New Adaptive purchased some portion of Old Adaptive out of receivership and is liable for Old Adaptive's debts.

COUNT 1

7.      From July 2005, through April 2010, Old Adaptive imported various light emitting diode (LED) electronic message displays and parts for those displays from Malaysia into the United States under cover of the entries identified on Exhibit A.

8.      The message displays and parts covered by these entries were entered or introduced, or caused to be entered, or introduced into the United States by means of material false statements, acts and omissions in violation of 19 U.S.C. § 1592(a), in that

2

Old Adaptive misclassified them pursuant to Harmonized Tariff Schedule (HTS) subheadings 8531.90.00 and/or 8531.20.00, which are duty-free classifications. The proper classifications, which are set forth in Exhibit A, carried duties ranging from 1.5 percent to 2.8 percent.

9.      On May 3, 2010, Old Adaptive executed a two-year waiver of the statute of limitations, extending until May 3, 2012 the commencement of the limitation period governing claims brought pursuant to 19 U.S.C. § 1592 with respect to the entries set forth in Exhibit A. This waiver is binding upon Old Adaptive Holdings and New Adaptive.

10.     Old Adaptive acted with fraud, gross negligence, and/or negligence in making the false statements, acts, and omissions referred to in paragraph 8.

11.     The false statements, acts, and omissions referred to in paragraph 8 were material because they had the potential to affect determinations made by CBP concerning the classification of the merchandise and the liability for duties.

12.     As a result of the violations described in paragraph 8, the United States was deprived of lawful duties, taxes, and fees in the amount of $595,658.71, all of which remains unpaid.

13.     CBP issued penalty notices to defendants assessing a civil penalty upon them in connection with the violations of § 1592(a) described in paragraph 8. These notices included a demand for payment of the penalty and outstanding duties.

14.     None of these defendants has paid any portion of the outstanding duties or the assessed penalty.

15.   Washington International Insurance Company (Washington International) and Lincoln General Insurance Company (Lincoln General) issued surety bonds that applied to a portion of the entries set forth in Exhibit A. These bonds guaranteed payment of all duties, taxes, and charges due to CBP. CBP demanded payment from Washington International and Lincoln General of a portion of the $595,658.71 in unpaid duties, and both companies refused to pay. Consequently, the United States recently brought suit against these two sureties in this Court. *United States v. Lincoln General Insurance Co.*, No. 12-00114; *United States v. Washington International Insurance Co.*, No. 12-00115.

16.   Pursuant to 19 U.S.C. § 1592(d), defendants are jointly and severally liable for payment of $595,658.71 in unpaid duties, plus interest, and they are jointly and severally liable pursuant to 19 U.S.C. §§ 1592(c)(1), (c)(2), and/or (c)(3) for a penalty in the amount of $19,275,710.12, plus post-judgment interest.

COUNT 2

17.   Plaintiff incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18.   From July 2005 through April 2010, Old Adaptive imported various parts for LED message displays from Malaysia into the United States under cover of the entries identified on Exhibit A.

19.   The parts covered by these entries were entered or introduced, or caused to be entered or introduced into the United States, by means of material false statements, acts and omissions in violation of 19 U.S.C. § 1592(a). Although the correct classifications for these parts were various subheadings of duty-free HTS headings 8529

4

and 9504, Old Adaptive misclassified them pursuant to duty-free subheadings HTS 8531.90.00 and 8531.20.00.

20.    On May 3, 2010, Old Adaptive executed a two-year waiver of the statute of limitations, extending until May 3, 2012 the commencement of the limitation period governing claims brought pursuant to 19 U.S.C. § 1592 with respect to the entries set forth in Exhibit A.  This waiver is binding upon Old Adaptive Holdings and New Adaptive.

21.    Old Adaptive acted with gross negligence and/or negligence in making the false statements, acts and omissions referred to in paragraph 19.

22.    The false statements, acts, and omissions referred to in paragraph 19 above were material because they had the potential to affect determinations made by CBP concerning the classification of the merchandise and they prevented the compilation of accurate trade statistics by CBP.

23.    CBP issued penalty notices to defendants assessing a civil penalty for the violation of § 1592(a) described in paragraph 19.  These notices included a demand for payment of the penalty.

24.    None of the defendants has paid any portion of the assessed penalty.

25.    Pursuant to 19 U.S.C. §§ 1592(c)(2) and/or (c)(3), defendants are jointly and severally liable for a civil penalty in the amount of $3,137,808.85.

WHEREFORE, the United States prays that this Court enter judgment in its favor as follows:

(a)    On Count I, for the United States against defendants, in the amount of $595,658.71 in unpaid duties, plus interest, and $19,275,710.12 in penalties, plus post-judgment interest, costs, and such other relief as may be just and appropriate.

(b)    On Count II, for the United States against defendants, in the amount of $3,137,808.85, plus post-judgment interest, costs, and such other relief as may be just and appropriate.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. McCARTHY
Assistant Director

J. HUNTER BENNETT
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC  20044
Tel: (202) 616-2279
j.hunter.bennett@usdoj.gov

Dated: May 3, 2012                    Attorneys for the United States